UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

-----------------------------------------------------------------X
In re:                                            : Chapter 11
                                                  :
JOHNSON MEMORIAL CORPORATION,                     : Case Nos. 08-22187
JOHNSON MEMORIAL HOSPITAL, INC.,                  : through 08-22189
THE JOHNSON EVERGREEN CORPORATION                 :
                                                  : Jointly Administered under
             Debtors.                             : Case No. 08-22188 (ASD)

-----------------------------------------------------------------X

**APPLICATION FOR AN ORDER APPROVING THE RETENTION
OF J.H. COHN LLP AS FINANCIAL ADVISORS AND FORENSIC ACCOUNTANTS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO THE HONORABLE ALBERT S. DABROWSKI, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Johnson Memorial Hospital, Inc., Johnson Memorial Corporation, and The Johnson Evergreen Corporation, and its affiliated debtors and debtors-in-possession, hereby apply for an order pursuant to Sections 328 and 1103 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), authorizing it to retain J.H. Cohn LLP ("JHC") as financial advisors and forensic accountants to the Committee in the above-referenced bankruptcy cases as of November 20, 2008. In support of this Application, the Committee respectfully represents as follows:

1.  On November 4, 2008 (the "Petition Date"), Johnson Memorial Hospital, Inc., Johnson Memorial Corporation, and The Johnson Evergreen Corporation (collectively, the Debtors" or the "Johnson Entities") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code In the United States Bankruptcy Court for the District of Connecticut.

2.  The Debtors continue in possession of their businesses and assets as debtors-in-

possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction to consider this Application pursuant to Sections 157 and 1334 of Title 28 of the United States Code. This is a core proceeding pursuant to Section 157(b)(2) of the United States Code. Venue is proper in this District pursuant to Sections 1408 and 1409 of Title 28 of the United States Code. The statutory basis for the relief requested herein is Section 1103 of the Bankruptcy Code.

4. On November 17, 2008, the United States Trustee for the District of Connecticut appointed the Committee.

5. On November 20, 2008, a meeting of the Committee was conducted in which a majority of the Committee participated. At that meeting, the Committee made a determination to retain JHC to perform certain forensic accounting and financial advisory services for the Committee.

6. The Committee believes that JHC possesses the knowledge and expertise in the areas of insolvency accounting and healthcare. The Committee believes that these professionals are well qualified to provide financial advisory and forensic accounting services to the Committee.

7. JHC will provide those services which are appropriate to be performed by financial advisors for a creditors' committee, including, but not limited to, the following:

   a) Gain an understanding of the status of current operations and the management structure overseeing the Debtors' facilities;
   b) Gain an understanding of Debtors' corporate structure, including non-debtor related party entities;
   c) Perform an assessment of the Debtors' proposed budget;
   d) Determine whether the Debtors can survive on the use of cash collateral versus a need for a DIP loan;
   e) Establish reporting procedures that will allow for the monitoring of the Debtors' post-petition operations;

f) Review and analyze the profitability of each facility and recommend opportunities for revenue enhancement and expense reductions;

g) Develop and evaluate alternative sale and restructuring strategies;

h) Gain an understanding of Debtors' accounting and cash management systems;

i) Determine profitability on a facility-by-facility basis, current and projected;

j) Scrutinize proposed transactions, including the assumption and/or rejection of executory contracts;

k) Review the reasonableness of any proposed KERP;

l) Identify, analyze and investigate transactions with non-debtor entities and other related parties;

m) Monitor Debtors' weekly operating results, availability and borrowing base certificates;

n) Analyze Debtors' budget to actual results on an ongoing basis for reasonableness and cost control;

o) Monitor any sales process and supplement list of potential buyers;

p) Communicate findings to the Committee;

q) Identify and quantify any recoverable assets which are not in the Debtors' estates;

r) Investigate whether the Board of Directors and senior management performed their fiduciary duties;

s) Perform forensic accounting procedures, as requested by the Committee;

t) Assist the Committee in negotiating the key terms of a Plan of Reorganization;

u) Prepare a dividend analysis; and

v) To render such assistance as the Committee and its counsel may deem necessary.

8. The Committee requests that all fees and expenses incurred by the Committee on account of services rendered by JHC in these cases be paid as administrative expenses of the estates pursuant to Sections 330(a), 331 and 503 of the Bankruptcy Code. Subject to the Court's approval, JHC will charge for its professional services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. JHC will maintain detailed records of actual and necessary costs incurred in connection with the professional services described above.

9. The names, positions and currently hourly rates of the JHC professionals currently expected to have primary responsibility for providing services to the Committee are: Clifford A. Zucker, Partner - $570/hour; and Harold Emahiser, Director - $465/hr. JHC's normal billing rates for the accounting and financial advisory services of the nature to be rendered to the Committee are as follows:

| | |
|---|---|
| Senior Partner/Partner | $515 – 650/hr. |
| Director/Senior Manager | $430 – 500/hr. |
| Other Professional Staff | $170 – 425/hr. |
| Paraprofessional | $115 – 155/hr. |

In the normal course of business, JHC revises its hourly rates on February 1 of each year.

10. Upon information and belief, JHC does not represent and does not hold any interest adverse to the Debtors or the Debtors' estates in the matters upon which JHC is to be engaged, except to the extent as may be set forth in the annexed affidavit of Clifford A Zucker; and JHC is a disinterested person. However, JHC is an established firm with an active practice, and it is possible that it may represent or have represented, or have relationships with, certain of the Debtors' creditors, professionals or other parties in interest or the professional for other parties, in matters unrelated to these Chapter 11 cases.

11. Because of the extensive financial advisory and forensic accounting services that may be necessary, the Committee believes that the employment of JHC to provide the services described above is appropriate and in the best interest of the constituency that the Committee represents.

12. Due to the exigencies of these cases, it was not possible for this application to be filed prior to JHC commencing to provide financial advisory services to the Committee. Accordingly, the Committee requests that any order authorizing the Committee to retain JHC be entered *nunc pro tunc* to November 20, 2008.

13. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court enter an order authorizing (i) the Committee's retention of J.H. Cohn LLP as forensic accountants and financial advisors effective as of November 20, 2008, (ii) the payment and reimbursement of J.H. Cohn LLP fees and disbursements, subject to interim and final allowance thereof in accordance with Sections 330 and 331 of the Bankruptcy Code; and (iii) other relief as may be just and proper.

Dated this 21 day of November, 2008

        THE OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS FOR JOHNSON MEMORIAL
        HOSPITAL, INC., JOHNSON MEMORIAL
        CORPORATION, AND THE JOHNSON
        EVERGREEN CORPORATION

        BY: _____
        Shane Reed,
        Medline Industries, Inc.
        Chair of the Official Committee of
        Unsecured Creditors